COMMONWEALTH *v.* The Judges of The Court of COMMON
PLEAS.—Motion for a mandamus.

The Orphans' Court is a Court of Chancery within the sphere of its limited jurisdiction.
Hence a writ of error does not lie to proceedings on a feigned issue, directed by that
court to the Court of Common Pleas.

*Dec.* 19.   In consequence of the decision of this court in Mur-
phy's Appeal, 8 Watts & Serg. 172, that the heirs of a decedent
were entitled to be heard against the right to levy on land descended,
under a judgment against the administratrix for a debt of their an-
cestor, the Orphans' Court directed an issue to be tried in the Com-
mon Pleas, between the plaintiff in the original judgment, and the
heirs as defendants.   A writ of error was sued out by the defendants
therein, which was quashed for want of a judgment on the verdict.
The present application was for an alternative mandamus to the
judges of that court, to compel the entry of a judgment, which had
been refused by the court, for the reasons and judgment in Baker *v.*
Williamson, 2 Barr, 116.

*W. Hirst,* for the motion.—The rule laid down in Atherton *v.*
Atherton, 2 Barr, 112, obviates the necessity for any similar proceed-
ing in future; but the present application is made with the desire
of the court below, lest our remedy should be wholly lost.

   That writs of error do lie to feigned issues, is settled in this court

by Vansant v. Boileau, 1 Binn. 444; 14 Serg. & Rawle, 137; 4 Serg. & Rawle, 231. The proceedings in such cases are at common law, and a judgment is entered for the costs, and would be entered for the wager, but for the order which always accompanies the direction for the issue. In Murphy's Appeal, 8 Watts & Serg. 165, it is said the heirs are entitled to the same remedy as if made parties to a *sci. fa.* Baker v. Williamson was out of Chancery.

*W. H. Drayton* and *T. J. Wharton,* contrà.—The cases cited are of feigned issues directed in common law proceedings. No case has decided directly that a writ of error will lie, when the issue is from the Orphans' Court, though there are dicta that way.

But whatever that court might have been considered, its jurisdiction is settled on a new foundation by the act of 1834, which enlarges and extends its powers. If it be a Court of Chancery as has been frequently said, Guier v. Kelly, 2 Binn. 299; Rex v. Rex, 3 Serg. & Rawle, 539; McCoy v. Porter, 17 Serg. & Rawle, 60; Sterrett's Appeal, 2 Penna. Rep. 420; Wimmer's Appeal, 1 Whart. 104, then this case is plainly ruled by Baker v. Williamson. Another consideration governs the case. The proceeding is not according to the course of the common law. No writ of error, therefore, lies, as was determined in Miller v. Miller, 3 Binn. 30; Ruhlman v. The Commonwealth, 5 Binn. 24; Commonwealth v. Beaumont, 4 Raw. 366; Gest's case, 9 Serg. & Rawle, 317. The practice may be conflicting, but all the decided cases on feigned issues were issues out of courts of common law.

As to the right to issue the mandamus (*per curiam,* there is no doubt about the power.) We did not mean to dispute it, but to show this is not a case for the exercise of the discretion given by by the statute. Commonwealth v. Judges, 5 Watts & Serg. 272. [ROGERS, J.—If you establish that the court is a Court of Chancery, the other proposition follows of course, for the practice is settled not to enter a judgment on such an issue.] We submit, there must be a failure of justice to authorize this remedy, whereas an appeal from the decree of the court, ordering the sale on the final decree, is the proper remedy. It is erroneous to say judgment is to be entered for costs; the course is to apply for an attachment to the court directing the issue. The endless litigation to be produced by the proposed course, is a strong argument against the right, as it must come up on final decree if either party is dissatisfied.

*Dec.* 22. PER CURIAM.—This case is virtually decided by Baker v. Williamson, in which it was ruled, that a writ of error lies not in

the case of an issue directed by a Court of Chancery. Our Orphans' Court is essentially such in its proceedings and decrees, within the limited sphere of its jurisdiction. Where trial by jury is of right, as it is in the case of a contested will, and in certain money cases, the writ of error is also of right; not so in regard to an issue formed for the information of the chancellor, who may, after all, disregard the verdict. It would be not only useless but inconvenient, to have the regularity of the trial inspected by any one else: useless because he would not be bound by the event; and inconvenient, because it would produce interminable delay. We are of opinion, therefore, that no judgment should be rendered, and that the return to the mandamus is sufficient.